# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| YANCY EDWARD GORDON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social Security )<br>Administration, )<br>)<br>Defendant. ) | Case No. CIV-09-518-HE |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his applications for disability insurance and supplemental security income benefits. United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ___). As the parties have briefed their positions, the matter is at issue. For the following reasons, it is recommended that the matter be reversed and remanded to the Commissioner for further administrative proceedings.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed his applications for disability insurance and supplemental security income benefits on September 7, 2005, alleging a disability onset date of January

31, 2003, caused by a back injury sustained at work. Tr. 14, 91-93, 94-98, 111-12. The applications were denied on initial consideration and on reconsideration at the administrative level. Tr. 53, 54, 55, 56, 57-60, 61-65, 67-69, 70-72. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge on October 16, 2007. Tr. 31-52, 75. Plaintiff appeared with his attorney and offered testimony in support of his applications. Tr. 33, 35-45. A vocational expert also testified at the request of the administrative law judge. Tr. 46-51, 86. The administrative law judge issued her decision on March 28, 2008, finding that Plaintiff was disabled within the meaning of the Social Security Act for a closed period. Tr. 10-12, 14-30. Specifically, the administrative law judge determined that Plaintiff was disabled from January 31, 2003, through March 6, 2006, but that as of March 6, 2006, Plaintiff was no longer disabled within the meaning of the Social Security Act. Tr. 22, 30. The Appeals Council denied Plaintiff's request for review on January 9, 2009, and the decision of the administrative law judge became the final decision of the Commissioner. Tr. 5-7.

## II. THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was disabled for a closed period, the administrative law judge initially followed the five step sequential evaluation process required by 20 C.F.R. §§ 404.1520 and 416.920. Tr. 15-16. She first determined that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of January 31, 2003. Tr. 18. At steps two and three, the administrative law judge determined that Plaintiff suffers from status post fusion and discectomy and status post left hip arthroscopy, both of which

2

she found to be severe and to meet the criteria of Listings 1.02 and 1.04(A) of 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 18-22. She also determined that Plaintiff suffered from the non-severe impairment of a learning disorder. Tr. 18. After finding Plaintiff was disabled, the administrative law judge followed the sequential evaluation process required by 20 C.F.R. §§ 404.1594 and 416.994 for determining whether to terminate disability benefits. Tr. 22-30. The administrative law judge determined that Plaintiff experienced medical improvement on March 6, 2006, and that since that date, he has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments. Tr. 22. The administrative law judge next determined that Plaintiff's medical improvement related to his ability to work and that he had the residual functional capacity (RFC) to perform a limited range of sedentary work. Tr. 23. Specifically, the administrative law judge found that Plaintiff could perform sedentary work except that he could not lift over ten pounds, could not repetitively bend or twist, and must be allowed to sit and stand as needed. Tr. 23. Based on this RFC and the testimony of the vocational expert, the administrative law judge determined at step four that Plaintiff could not perform his past relevant work of order puller, saw operator, general laborer, and day laborer. Tr. 28. However, based on the Medical-Vocational guidelines and the testimony of the vocational expert, the administrative law judge found that a person with Plaintiff's vocational factors and RFC could perform other work that exists in significant numbers in the economy, such as information clerk, inspector, and interviewer. Tr. 28-29. Accordingly, the administrative law judge found that

3

Plaintiff's disability ended on March 6, 2006, and that he was entitled to benefits for the closed period of January 31, 2003, through March 6, 2006. Tr. 30.

### III. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> [W]e[1] independently determine whether the [administrative law judge's] decision is free from legal error and supported by substantial evidence. Although we will not reweigh the evidence or retry the case, we meticulously examine the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met.
>
> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance. Our determination of whether the [administrative law judge's] ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, we remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record.

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations and internal quotation marks and brackets omitted).

---

[1] Although the Tenth Circuit Court of Appeals was discussing its own standard of review, the same standard applies to the federal district court's appellate review of social security cases. Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495, 1502 n.1 (10th Cir. 1992) (Kane, J., concurring) ("[A]s the second-tier appellate court, a circuit court does apply the same standard of review as the district court–the standard applicable to appellate review of individual social security cases.").

## IV. DISCUSSION

### A. APPLICATION OF MEDICAL IMPROVEMENT STANDARD

Plaintiff claims that the administrative law judge's summary of the medical improvement standard was legally erroneous because she placed the burden of proving a continuing disability on Plaintiff. Plaintiff's Opening Brief, 4. Plaintiff argues that the plain language of 20 C.F.R. §§ 404.1594 and 416.994 places the burden on the Commissioner to prove a disability has ended "at essentially every step of the process." Plaintiff's Opening Brief, 12-13. Plaintiff alleges that the administrative law judge only acknowledged that the Commissioner bore the burden of showing that a significant number of jobs existed which Plaintiff could perform. Plaintiff's Opening Brief, 13. As a result, Plaintiff claims that he was required to show that (1) he had not experienced medical improvement such that he no longer met or equaled a listing, (2) his new RFC did not allow him to perform past work, and (3) his new RFC did not allow him to perform other work. Plaintiff's Opening Brief, 13-14. Thus, Plaintiff argues that the administrative law judge's finding that his disability ended must be overturned. Plaintiff's Opening Brief, 14.

The Commissioner responds that the term "burden of proof" encompasses two separate burdens: the burden of production and the burden of persuasion. Response, 5-6. The Commissioner argues that this dual meaning of "burden of proof" is maintained in the medical improvement standard set out in 20 C.F.R. §§ 404.1594 and 416.994 and that at step five of the sequential analysis for determining disability, the burden of production shifts to the Commissioner but the burden of persuasion remains with the claimant. Response, 6.

5

Thus, the Commissioner claims that the administrative law judge's statement regarding the burden of proof merely acknowledged the dichotomous meaning of "burden of proof" and that the administrative law judge met her burden of production by eliciting testimony from the vocational expert that Plaintiff could perform other work. Response, 7. The Commissioner also contends that substantial evidence supports the administrative law judge's finding that Plaintiff experienced medical improvement as of March 6, 2006, and that Plaintiff's new RFC allowed him to engage in substantial gainful activity. Response, 12,13.

Plaintiff replies that the Commissioner's argument regarding the meaning of the "burden of proof" "misses or avoids the point" because the issue here is who bears the burden of persuasion and production when applying the medical improvement standard, not in determining disability. Reply, 2-3. Plaintiff alleges that the regulatory language places both of these burdens on the Commissioner at every step of the process. Reply, 4.

In determining whether to terminate a claimant's disability benefits due to medical improvement, the Commissioner employs an eight step sequential evaluation process under 20 C.F.R. § 404.1594(f) and a seven step sequential evaluation process under 20 C.F.R. § 416.994(b)(5). "The Commissioner bears the burden of showing medical improvement by establishing that the claimant's medical condition has improved, the improvement is related to the claimant's ability to work, and the claimant is currently able to engage in substantial gainful activity." Knapp v. Barnhart, No. 02-5150, 68 Fed. Appx. 951, 952 (10th Cir. July

6

2, 2003) (citing Glenn v. Shalala, 21 F.3d 983, 987 (10th Cir. 1994)).[2] This standard applies to "closed period" cases, cases in which "the decision maker determines that a new applicant for disability benefits was disabled for a finite period of time which started and stopped prior to the date of [her] decision." Shepherd v. Apfel, 184 F.3d 1196, 1198, 1199 n.2 (10th Cir. 1999) (internal quotation marks omitted).

Here, the administrative law judge correctly set forth the sequential evaluation processes for evaluating medical improvement as contained in 20 C.F.R. §§ 404.1594(f) and 416.994(b)(5). Tr. 16-17. The administrative law judge then stated in relation to the final step:

> Although the claimant generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Social Security Administration. In order to support a finding that an individual is not disabled at this step, the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the residual functional capacity, age, education, and work experience.

Tr. 17. This language is contrary to the plain language of the applicable regulations, Tenth Circuit case law, and policy reasons identified by another district court in this Circuit. See 20 C.F.R. §§ 404.1594, 416.994; Glenn v. Shalala, 21 F.3d 983, 987 (10th Cir. 1994) (citing and parenthetically discussing various parts of 20 C.F.R. § 404.1594); Knapp v. Barnhart, No. 02-5150, 68 Fed. Appx. 951, 952 (10th Cir. July 2, 2003) (discussing Commissioner's burden in applying medical improvement standard); Jaramillo v. Massanari, No. 01-2033,

---

[2]This and any other unpublished dispositions are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

7

21 Fed. Appx. 792, 794 (10th Cir. Sept. 24, 2001) (same); Robbins v. Barnhart, 205 F. Supp. 2d 1189, 1196-99 (D. Kan. 2002) (discussing statutory language, legislative history, Tenth Circuit case law, and Commissioner's institutional capabilities in finding Commissioner bears burden of proving medical improvement and ability to engage in substantial gainful activity). Since the Commissioner applied the wrong legal standard in determining whether Plaintiff's disability continued through the date of the administrative law judge's decision, reversal is required. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) ("[I]f the [administrative law judge] failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence.").

## **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of the Social Security Administration be reversed and the matter be remanded for further administrative proceedings. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this court by June 16, 2010, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Dated this 27th day of May, 2010.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE